T.C. Summary Opinion 2009-140

UNITED STATES TAX COURT

VERNYCE K. MOSLEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5338-08S.                    Filed September 8, 2009.

Vernyce K. Mosley, pro se.

<u>Marilyn S. Ames</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code (Code) in effect for the year in

issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined for 2006 a deficiency in petitioner's Federal income tax of $3,074.

The issues for decision are: (1) Whether petitioner is entitled to file as married filing separately after filing a joint return for the same tax year; (2) whether petitioner is entitled to dependency exemption deductions; (3) whether petitioner is entitled to the child tax credit; and (4) whether petitioner is entitled to the child care credit.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. When the petition was filed, petitioner resided in Texas.

In 2006 petitioner and her husband resided in the same household and had two children, ages 17 and 9.

On March 23, 2007, petitioner and her husband timely filed a joint Federal income tax return for 2006 and claimed two dependency exemption deductions and the child tax credit and the child care credit with respect to one of the children.[1] On the joint return, petitioner and her husband reported a tax liability

---

[1]When petitioner and her husband filed their joint Federal income tax return they were in divorce proceedings. Petitioner and her husband divorced in 2008.

of $17,162.  Application of Federal tax credits including the credit for withheld tax, the child tax credit, and the child care credit resulted in a tax due of $60.  Petitioner and her husband remitted $60 with the joint return.

On April 5, 2007, petitioner filed for 2006 a Federal income tax return as married filing separately.  On that return petitioner claimed the same two dependency exemption deductions, the child tax credit, and the child care credit.  Respondent processed the separate 2006 return and sent petitioner a refund of $3,496.

On December 31, 2007, respondent issued a notice of deficiency to petitioner disallowing the dependency exemption deductions and the credits on her married filing separate return for 2006.  In the notice of deficiency, respondent states:

> Thank you for your reply received on 01/19/2008, our records show that you filed two income tax returns for the 2006 tax year, and claimed the same children on both returns.  Since you have not provided court/legal documents showing that you were given physical custody over the two children during the 2006 year, by the tie-breaker rule the dependent exemptions will be allowed to the person with the highest adjusted gross income (AGI) during 2006 year.  We are disallowing the dependent exemptions until you show otherwise.

### Discussion

#### Burden of Proof

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving otherwise.  Rule 142(a); INDOPCO, Inc. v.

Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Section 7491(a), however, places the burden of proof on the Commissioner with regard to certain factual issues.  Because petitioner has not alleged or shown that section 7491(a) applies, the burden of proof remains on petitioner.

Joint or Separate Return

Section 6013(a) permits a husband and wife to file a joint return.  Spouses who elect to file a joint return for a tax year are required to compute their tax on the aggregate income of both spouses, and both spouses are jointly and severally liable for all taxes due.  See sec. 6013(d)(3); Butler v. Commissioner, 114 T.C. 276 (2000).  Where spouses file a joint return with respect to a tax year, neither spouse may thereafter elect married filing separately status for that tax year if the time for filing the tax return of either spouse has expired.  See Ladden v. Commissioner, 38 T.C. 530, 534 (1962); Haigh v. Commissioner, T.C. Memo. 2009-140; sec. 1.6013-1(a)(1), Income Tax Regs.

Petitioner and her husband timely filed their joint return for 2006 on March 23, 2007.  On April 5, 2007, petitioner timely filed a separate return for the same tax year.  Generally, the time for filing a tax return is the 15th day of April following the close of the calendar year.  Sec. 6072(a).  Since petitioner filed as married filing separately before the time for either

spouse to file a return had expired, her separate return is valid.  See sec. 1.6013-1(a)(1), Income Tax Regs.  The filing of petitioner's separate return, however, is not dispositive of petitioner's entitlement to the claimed dependency exemption deductions and tax credits.

Dependency Exemption Deductions

Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction or claimed credit.  Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940).

Section 151(c) allows a deduction for each dependency exemption as defined in section 152.  Section 152(a) provides that a dependent means a "qualifying child" or a "qualifying relative."  Section 152(c)(1) defines a qualifying child as an individual:  (1) Who bears a relationship to the taxpayer, such as a child of the taxpayer; (2) who has the same principal place of abode as the taxpayer for more than one-half of the tax year; (3) who has not attained the age of 19 or is a student who has not attained the age of 24 as of the close of the calendar year; and (4) who has not provided over one-half of such individual's own support for the calendar year in which the tax year of the taxpayer begins.

Petitioner argues that because she provided over half of the support for her two children, she is entitled to dependency

exemption deductions and tax credits. The problem with this argument is that the Code provides to the taxpayer for the year at issue a deduction with respect to a qualifying child.[2] Sec. 152(a), (c). The definition of a qualifying child no longer specifies a support requirement for the taxpayer seeking a deduction, but rather delineates a relationship, residency, age, and self-support test for the individual considered to be a qualifying child. See sec. 152(c)(1).

The Code also provides an objective rule for determining which taxpayer or parent is entitled to a dependency exemption deduction in the event that both parents attempt to treat the same individual as a qualifying child on separately filed returns. This rule, also referred to as the "tie-breaker rule", is codified in section 152(c)(4)(B)(ii). Under section 152(c)(4)(B), "if the parents claiming any qualifying child do not file a joint return together, such child shall be treated as the qualifying child of * * * (ii) * * * the parent with the highest adjusted gross income."

Respondent argues that petitioner is not entitled to dependency exemption deductions and tax credits because

---

[2]The Working Families Tax Relief Act of 2004 (Act), Pub. L. 108-311, secs. 201 and 206, 118 Stat. 1169, 1176, amended secs. 151 and 152. These amendments are effective for tax years beginning after Dec. 31, 2004. Id. sec. 208, 118 Stat. 1178. Before the Act, the "old support test" defined a "dependent" as an individual over half of whose support was received from the taxpayer.

petitioner's former husband had the higher adjusted gross income for 2006. According to respondent, petitioner's former husband is, therefore, the only taxpayer entitled to the deductions under section 151. Petitioner bears the burden of proof, and she has failed to allege and prove that she had the higher adjusted gross income for 2006. Therefore, petitioner is not entitled to the dependency exemption deductions pursuant to section 152(c)(4)(b)(ii).

## Child Tax Credit

With respect to the child tax credit for 2006, a taxpayer may claim a credit against Federal income tax of up to $1,000 for each qualifying child of the taxpayer. Sec. 24(a). For purposes of section 24(a) the term "qualifying child" means a qualifying child of the taxpayer, as defined in section 152(c), who is not yet 17.

Because the Court has found that petitioner is not entitled to a dependency exemption deduction for either of her two children, as qualifying children for 2006, she is not entitled to the child tax credit for 2006.

## Child Care Credit

Section 21(a) allows a taxpayer a credit for a certain percentage of employment-related expenses incurred to enable the taxpayer to be employed gainfully, including expenses for the care of a "qualifying individual". See sec. 21(a) and (b)(2). A

qualifying individual must be:  (1) The taxpayer's qualifying child or qualifying relative under 13; (2) certain of the taxpayer's qualifying children or relatives who are unable to care for themselves; or (3) a spouse of the taxpayer unable to care for himself or herself who lives with the taxpayer for more than half of the taxable year.

Because petitioner has no qualifying individuals, she is not entitled to the child care credit for 2006.

Accordingly, for the foregoing reasons, the Court sustains respondent's determination that petitioner is not entitled to dependency exemption deductions, the child tax credit, and the child care credit for 2006.

Other arguments made by the parties and not discussed herein were considered and rejected as irrelevant, without merit, or moot.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.